UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY Y. MIMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA LEGISLATIVE BLACK CAUCUS, et al.,<br><br>Defendants. | Case No. 2:25-cv-02363-TLN-CSK<br><br>ORDER GRANTING IFP REQUESTS AND FINDINGS AND RECOMMENDATIONS DISMISSING COMPLAINT<br><br>(ECF Nos. 1, 2, 3) |

Plaintiffs Kimberly Y. Mims and Darlene Crumedy are representing themselves in this action and seek leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 2, 3.) Plaintiffs' applications in support of their IFP requests make the required financial showing. Accordingly, the Court grants Plaintiffs' IFP requests.

I.   **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.   DISCUSSION**

Plaintiffs bring this action against Defendants California Legislative Black Caucus ("CLBC"), Governor Gavin Newsom, Assemblymember Lori Wilson, Senator Akilah Weber-Pierson, Assemblymember Issac Bryan, Assemblymember Mia Bonta, Former Assemblymember Reggie Jones-Sawyer, Assembly Speaker Robert Rivas, and Assembly Majority Leader Cecilia Aguiar-Curry. Compl. ¶ 9 (ECF No. 1). The Complaint raises the following claims against Defendants: (1) violation of the equal protection

clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (2) violation of Article I § 7 of the California Constitution; (3) violation of Cal. Govt. Code § 11135; (4) violation of the First Amendment pursuant to 42 U.S.C. § 1983; (5) violation of due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; and (6) fraudulent misrepresentation pursuant to Cal. Civ. Code §§ 1709-1710. *Id*. ¶¶ 29-36. The Complaint alleges on August 31, 2024, Plaintiffs were denied entry into the California Assembly floor gallery during legislative proceedings on reparations legislation SB 1403 and SB 1331 based on limited seating, which was deliberately done to suppress public presence. *Id*. ¶¶ 10-12. The Complaint further alleges that Defendants obstructed the implementation of SB 1403 and SB 1331; the passing of SB 437 and SB 518 imposes a disproportionate burden on "California Freedmen" and is discriminatory; Defendants fraudulently misrepresented to the public that SB 1403 would be reintroduced for a floor vote; SB 437 and SB 518 are redundant and wasteful; and the delay or denial of reparations to "American Freedman" is discriminatory and has a disparate impact. *Id*. ¶¶ 10-26. Plaintiffs also seek to bring this action on behalf of a class. *Id*. ¶¶ 8, 27-28.

### A. Pro Se Plaintiffs Cannot Represent Other Individuals

Plaintiffs seek to bring this action as a class action on behalf of others. Compl. ¶¶ 8, 27-28. Plaintiffs are pro se and cannot represent another individual. *See* Fed. R. Civ. P. 23(g) (requiring appointment of class counsel); E.D. Cal. Local Rule 183(a) ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney."). Federal Rule of Civil Procedure 11(a) also requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. As such, the Court will disregard any allegations referencing other individuals not listed as named Plaintiffs in the Complaint.

### B. Absolute Immunity

The United States Supreme Court has long held that legislators are "entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). "Under the doctrine of legislative immunity, members of Congress and state legislators are entitled to absolute immunity from civil damages for their performance of lawmaking functions." *Jones v. Allison*, 9 F.4th 1136, 1139-40 (9th Cir. 2021). Moreover, "[c]ongressional representatives enjoy immunity for comments made on the congressional floor." *Lund v. Cowan*, 5 F.4th 964, 972 (9th Cir. 2021). Plaintiffs bring claims for violations of the equal protection clause of the Fourteenth Amendment (Claim One), First Amendment (Claim Four), and of due process under the Fourteenth Amendment (Claim Five) pursuant to 42 U.S.C. § 1983 against Defendants CLBC, Assemblymember Wilson, Senator Weber-Pierson, Assemblymember Bryan, Assemblymember Bonta, Former Assemblymember Jones-Sawyer, Assembly Speaker Rivas, and Assembly Majority Leader Aguiar-Curry. Compl. ¶¶ 9, 29-31, 34-35. Plaintiffs bring these claims against these defendants in their official capacities and in relation to their legislative acts on reparations legislation. *Id.* ¶¶ 9-26, at 8-9. Absolute legislative immunity applies to all actions taken "in the sphere of legitimate legislative activity." *Bogan*, 523 U.S. at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Here, Plaintiffs challenge the defendants' involvement and actions taken in the implementation of reparations legislation, including actions integral to the "deliberative and communicative processes by which [m]embers participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislations[.]" *Gravel v. United States*, 408 U.S. 606, 625 (1972). As such, Claims One, Four and Five are barred by legislative immunity against Defendants CLBC,[2] Assemblymember Wilson, Senator Weber-Pierson, Assemblymember Bryan,

---

[2] Where courts examine the underlying actions challenged to determine whether legislative immunity applies, *see Bogan*, 523 U.S. at 54, and the Court has not located legal authority suggesting that legislative immunity does not apply to a group or caucus of legislators such as Defendant CLBC, the Court concludes that legislative immunity

Assemblymember Bonta, Former Assemblymember Jones-Sawyer, Assembly Speaker Rivas, and Assembly Majority Leader Aguiar-Curry.

Furthermore, Plaintiffs also seek to impose liability pursuant to 42 U.S.C 1983 based on Defendant Governor Newsom's legislative actions or policymaking authority. See Compl. ¶¶ 9, 15. Claims One, Four and Five against Defendant Governor Newsom are also barred by legislative immunity. *See Bogan*, 523 U.S. at 54-55 ("[a]bsolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity," and "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions.") (quotation marks omitted). Accordingly, the Court recommends Claims One, Four and Five be dismissed as barred by legislative immunity.

### C. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

---

also applies to Defendant CLBC.

5

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. The Complaint identifies federal question as the basis for federal court jurisdiction. *See* Compl. ¶ 6. However, as discussed above, Plaintiffs' federal claims pursuant to 42 U.S.C. § 1983 against Defendants are barred pursuant to legislative immunity. Moreover, the Complaint also fails to establish diversity jurisdiction. Although Plaintiffs meet the amount in controversy, Plaintiffs do not establish complete diversity of citizenship. On the face of the Complaint, Plaintiffs and Defendants appear to be citizens of California. *See* Compl. ¶¶ 8-9; *see also Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because there is no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction. Therefore, the Court recommends this action be dismissed because the Court lacks subject matter jurisdiction over this action.

### D.     Supplemental Jurisdiction

As discussed above, Plaintiffs have failed to state a claim under federal law. Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims (Claims Two, Three and Six). *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Ass'n*, 535 F. Supp. 3d 913, 930 (E.D. Cal. 2021); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992). Because Plaintiffs have failed to state a claim under any federal law, they have not established this Court's jurisdiction.

### E.     Leave to Amend

In considering whether leave to amend should be granted, the Court finds the Complaint does not present a cognizable federal claim. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir.

1995).

### III. CONCLUSION

In accordance with the above, IT IS ORDERED that Plaintiffs' motions to proceed in forma pauperis (ECF Nos. 2, 3) are GRANTED;

Further, based upon the findings above, it is RECOMMENDED that:

1. Plaintiffs' Complaint (ECF No. 1) be DISMISSED without leave to amend; and

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 9, 2025

*[signature]*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, mims2363.25